Jones, Chancellor,
now delivered the opinion of the court, as follows:
This cause was argued at the special session of this court *755 *n ®ePtem^er) on a special verdict; but the leading quea tion in the case, turning on the admissibility of a witness, an opinion was expressed by this court, at its adjourned session in December last, that the point could not be raised on the special verdict, and could only be brought up by a bill of exceptions to the opinion of the judge, who overruled *the objection taken to the competency of the witness at the trial.
The object of the present motion of the plaintiffs in error is, to place the question in that attitude; and, for that purpose, to withdraw the assignment of errors, which admits the record in its present form to be perfect, and precludes them from alleging the want of the record of a bill of exceptions in diminution. In support of the application, the case of Osgood against the Manhattan Company,(a) and the recent case of Law v. Jackson,(b) are relied on. The defendant in error insists, that the principle of those cases has no application to this; first, because, in one of those cases the record was imperfect, for the want of continuances, and in the other the record was inadmissible for the want of the signature and seal of the circuit judge; and secondly, because the application in the first of those cases was supported by a regular bill of exceptions, and proof by affidavit of the time of the rendition of the judgment of the supreme court upon it, conclusively showing that the continuances which were omitted ought to be entered on the record, and in the second, by the stipulation of the par-. ties, to turn the case into a bill of exceptions or special verdict ; but that in this case, we have before us a regular and perfect special verdict, and there is no evidence to show that any bill of exceptions has ever been taken, or any agreement made for putting the question in that form. To which it was answered, that this court cannot judicially know what the state of the proceedings was in the court below, nor whether a bill of exceptions could or would be returned upon a writ of certiorari or not; but that it was in the knowledge of this court, that the question decided by *756 the supreme court, and intended to be submitted to this Court, and which was argued by the counsel, had not been decided by this court; and that the same principle which had led the court to grant relief in the case which had been cited, entitled the plaintiffs in *error in this cause to similar relief. The claim to the favor of the court in this case, is certainly weaker than it was in either of the cases which have been cited in support of it. In those cases the whole merits were excluded by the form of the record as it first stood, and unless the plaintiff had been allowed to allege diminution, and perfect the case by a further return, judgment must have gone against him as of course. But in this case we have a perfect record before us, which presented the question of usury for decision, though it excluded the question of the competency of the witness who proved the usury, to testify to the point. The question of usury was fully discussed, and the opinions of some of the members of the court were expressed upon it; and generally the court would hold it too late, after argument and the 7 9 1 ions of the judges declared, to withdraw the record, or apply for leave to supply the defects of the case submitted for decision. In this case, however, the main and most material point is undecided. We have been compelled to pass by the question which the supreme court decided, and to disregard the objection taken by the plaintiffs in error, and which, if well founded, must have been decisive in their favor. In that respect the merits have been wholly excluded by the form of the record; and the object and purpose of the writ of error, which was to review the decision of the supreme court, has been disappointed. It would be extremely desirable that this court of appellate jurisdiction should, in all cases, review and decide upon the point which was before the supreme court for adjudication, and not upon questions which that court has not considered. This application, therefore, if the objections to it are not insuperable, ought to be granted.
*755 Arguments this motion,
*756 Difference be{^e cases cited!
in gen6rai af_ argument, and the opmions of judges courtof’ errara j^^® defects in the ¡^haa^assed **
The objections are, that it comes too late, and that no sufficient foundation is laid for an application to the Supreme Court for a bill, of exceptions. To the first objec *757 it' is answered, that the same exception wag taken in the case of Law v. Lansing, and was overruled. In that *case the application was made after the. argument of the canse; hut the special circumstances induced the court to hear it, and the peculiar circumstances of this ease appear to me to entitle this application to the same indulgence, ^be second objection, if fully borne out by the facts, would have great, weight, and pérhaps he decisive. It is fit that ^ig court should require the party who applies for a suspension of its judgment, for the purpose of bringing up more perfect record, to show sufficient probable reason for supposing that such record can be brought, up, as otherwise the opposite party might be delayed to no purpose.
*756 0b delay,
*757 is nound cannot be a bin of exceptions,
In the case of Osgood v. The Manhattan Company, there was a foundation laid for the application, by showing that the judgment of the Supreme Court was, in fact rendered four terms after that of which it appeared by the record to be given, which could only have arisen from the act of. the pleader in entering it of the term next after the verdict, without entering or enrolling the continuances; and in the ease of Law v. Lansing, it appeared that the parties were under a stipulation or agreement in writing, to turn the case into a bill of exceptions. There was, therefore, in each case, sufficient ground fqr this court to presume that the proper record was in the court below, or might be directed by the court to- be made, up and filed for the return of the writ of certiorari, when issued by this court. In the present case, there is no proof before us that any stipulation exists, entitling or enabling the plaintiffs in error to turn the case into a bill of exceptions. It seems probable that the provision for turning it inte: a special verdict, was supposed by the parties- to be sufficient to secure to them the full benefit of all the points made at the trial; and if they acted under a mistake, and it should be admitted, or satisfactorily shown, that the exception to the witness was taken at the trial, and passed upon by the circuit judge, and that his opinion was referred to the Supreme Court for decision, and the right reserved; to have that decision reviewed by this court, is it certain, or can. we intend or pre *759 ettme that the objection of the want of a * written stipulation, supposing hone to exist, would be raised and must prevail against the just claim of the plaintiffs in error to a formal bill of exceptions, to bring up the question ? It appears by the record itself that the witness was objected to at the trial, as incompetent to testify to the point on which he Was examined, and it is alleged that their intea» tion was to reserve the right to bring the question of his competency before this court for decision. The affidavits on the part of the plaintiffs in error, disclose full evidence of such intention. The statement in substance is, that the defence chiefly relied upon at the trial, was the incompetency of the witness; that the right Was expressly reserved by the parties at the time, to bring up the point to this court for ulterior decisions; that the case made for the Supreme Court, presented that question as the prominent point; and that it was the question principally agitated and exclusively decided upon by the Supreme Court; and that the purpose of the writ of error was to bring the decision of that court Upon it before this court for review.
The case, as reported, shows the truth of these allegations, as respects the argument and decision of the cause in the Supreme Court; and the reasons assigned by the j udges of that court for their judgment, apply exclusively to the admissibility of the witness: and the cotmsel, on the argument of the cause before this court, admitted that the understanding of the parties was, that the same question was to be heard and determined by this court. It seems to have been supposed, that the point might arise upon the record now before the court; and under that impression it was fully argued on both sides, and submitted to this court for decision. The parties erred, in supposing that the question could come before this court upon a special verdict, or that consent alone could give this court jurisdiction of it; and unless this court can interpose the benefit of the objection of the plaintiffs in error to the witness, if well taken, it must be lost to them. It would be peculiarly hard upon them to suffer so severely by an error *into which both the parties have so strangely fallen; and under all *760 the circumstances of the case, I cannot permit the want ol 1 c proof of a formal stipulation to turn the case into a bill of 1 exceptions, to prevail against the present application. The exception taken by the plaintiffs in error at the trial, their alleged reservation of the right to bring it up to this court in the last resort, their mistake and misapprehension of the proper form for the objection to assume, to entitle it to'be heard and decided by this court, the clear and undisputed fact that the competency of the witness was the point decided by the Supreme Court, the understanding of the parties that the point so decided by that court was to be reviewed by us, the impression the parties were under that this record would bring up that point for decision, the surprise upon the plaintiffs in error, and the effect of our judgment to conclude their rights, without adjudicating upon the merits of their objection, entitle them to the best aid we can give them, for the removal of the formal objections which obstruct a decision on the merits.
I am inclined, therefore to suspend the judgment of the court and to allow them the benefit of a writ of certiorari; and for that purpose to enter a rule for leave to withdraw the assignment of errors, and allege diminution, upon the terms of payment of costs; and that in case of failure to bring up a record of a bill of exceptions within a reasonable time, judgment be rendered against them.
Buie accordingly.

 Stated by Jones, Ch. ante, 751.

 Ante, 746.